## THE DIXIE.

### (District Court, E. D. Louisiana.  July 25, 1916.)

### No. 15401.

MARITIME LIENS ☞64—SUIT TO ENFORCE—SUFFICIENCY OF LIBEL.

 Allegations in a libel that the owner of a dredge hired another dredge and a barge from libelant to assist such dredge in its work and failed to pay the hire, and that through the negligence of such charterer the barge was sunk, do not establish a maritime lien which will support a suit in rem against the dredge.

 [Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 102; Dec. Dig. ☞64.]

In Admiralty. Suit by the River Sand & Gravel Company against the dredge Dixie. On exception to libel. Exception sustained.

John D. Grace, of New Orleans, La., for libelant.
James Wilkinson, of New Orleans, La., for claimant.

FOSTER, District Judge. This is a libel in rem by the River Sand & Gravel Company against the dredge Dixie.. The libel alleges, in sub-

stance: That the dredge, while owned by the Louisiana Construction Company, was engaged in dredging in the Mississippi river at New Orleans and depositing the earth on the bank for the double purpose of deepening the river and building up a site for a wharf on shore. That the said owner hired the dredge Katharine, belonging to libelant, to aid and assist in the said work, agreeing to pay the necessary expense of taking her from Angola, La., to New Orleans, and of returning her to said place, in addition to a hire of $1,000 per month, and she was so employed. That the owner of the Dixie also hired the barge Texas, belonging to libelant, to aid the Dixie in said work at a stipulated price, and so used her. That the officers and crew of the Dixie permitted the Texas to sink. On further allegations of nonpayment of the hire and expenses, aggregating $5,061.23, etc., libelant prayed for admiralty process against the Dixie and that she in due course be condemned and sold.

The board of commissioners of the port of New Orleans appeared and claimed the dredge as owner, and subsequently filed an exception to the jurisdiction of the court, on the ground that the libel shows no admiralty lien.

The libel is in rem, and it is not alleged the then owner specifically pledged the Dixie in any way. It is not alleged the barge Texas was sunk by a collision with the Dixie. It is not even alleged she was lost by the negligence of the officers and crew of the Dixie. Therefore there is no lien arising from the tort of the Dixie. There were no services rendered to the Dixie, such, for instance, as towage or repairs, or salvage, and, of course, it is not contended any supplies were furnished. The lien seems to be claimed on the theory the vessels were engaged in a joint enterprise, and the aid given the Dixie by the others was maritime, and entitled their owners to a lien.

Admiralty liens are stricti juris, and not to be extended by construction or implication. Conceding, for the sake of argument, the very doubtful proposition that the Dixie was engaged in a maritime venture, it does not follow the contract between libelant and her owner created an implied lien on her. In this case the allegations of the libel are inconsistent with the lien claimed. If there is no lien, necessarily there is no jurisdiction in rem. Vandewater v. Mills, 19 How. 82, 15 L. Ed. 554; The Alligator, 161 Fed. 37, 88 C. C. A. 201; Bouker Contracting Co. v. Proceeds, etc. (D. C.) 168 Fed. 428.

The libel will be dismissed.